IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00663-SKC-MDB

SUSAN D. GARMANY, *et al.*,

Plaintiffs,

v.

JEREMY MICHAEL COLANGELO, *et al.*,

Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE OPINION OF LINDA DAY (DKT. 78)**

---

The Court has reviewed the Motion (Dkt. 78), Response (Dkt. 83), Reply (Dkt. 84) and considered pertinent legal authority. The Motion is GRANTED IN PART AND DENIED IN PART.

## LEGAL PRINCIPLES

"The proponent of expert testimony bears the burden of showing that the testimony is admissible." *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013). A witness who qualifies as an expert by knowledge, skill, experience, training, or education may offer their opinions at trial if the proponent satisfies the court that it is more likely than not that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact

in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Courts determine the reliability of expert testimony by considering whether: (1) the theory has been or can be tested or falsified; (2) the theory or technique has been subject to peer review and publication; (3) there are known or potential rates of error regarding specific techniques; and (4) the theory or approach has general acceptance. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2005) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993)); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). And of course, expert testimony must also be relevant to be admissible. *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1082 (D. Colo. 2006); Fed. R. Evid. 401.

The decision to admit or exclude expert testimony is committed to the sound discretion of the district court. *Summers v. Missouri Pacific Railroad Sys.*, 132 F.3d 599, 603 (10th Cir. 1997). If an expert is sufficiently qualified, then "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." *Nacchio*, 555 F.3d at 1241. "Reliability questions may concern the expert's data, method, or his application of the method to the data." *Id.* An expert's conclusions must be based on the "methods and procedures of science," not on "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. Thus,

the focus of reliability is "solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595.

## ANALYSIS AND FINDINGS

Plaintiffs retained Linda Day to provide opinions in general commercial motor vehicle (CMV) industry standards and practices; Defendant J.M. Tire's motor carrier management failures; Defendant Colangelo's CMV operating failures; and preventability analysis under recognized industry standards. Defendants seek to exclude Day arguing "the only factual basis for her opinions was the occurrence of the collision" itself.[1] Plaintiffs counter that her opinions are adequately grounded in the facts. The Court partially agrees with Plaintiffs.

Defendants direct the Court to two district court decisions where Day's opinions were excluded as not sufficiently tied to the facts. *Drake v. Old Dominion Freight Line, Inc.*, No. 1:22-CV-21-ACL, 2024 WL 4903720, at *9 (E.D. Mo. Nov. 27, 2024); *Perry v. Cummings*, No. 1:22-CV-03860, 2024 WL 3552954, at *1 (N.D. Ga. May 6, 2024). In *Drake*, the court found that "[a]lthough Ms. Day is qualified to provide opinions regarding general trucking industry safety standards, Ms. Day does not cite any regulations that Barnes violated. Instead, she opines that, because the accident occurred, Barnes must have necessarily violated the Smith System [safety

[1] Defendants do not challenge Day's qualifications.

concepts].” *Drake*, 2024 WL 3221818, at *10. The *Drake* Court found *Perry* persuasive, specifically this finding in *Perry*:

> Her opinions are abstract propositions applicable to any accident but are not applied to the particular facts of this case other than the fact that the accident happened, which is not in dispute. Her opinions are not based on sufficient facts or data, as the only facts upon which her opinions are based is what is contained in the police report for the subject accident. She has no opinions on the particular facts involved in the subject accident or why Defendant Cummings failed to stop. Thus, Day’s opinions are not admissible under Rule 702 because they are not the product of reliable principles or methods.

*Id.* (citing *Perry,* 2024 WL 3552954, at *2).

The Court finds most of Day’s opinions are similar here. First, as the *Perry* Court found, many of “Day’s opinions are generalities as to what truck drivers should do and be trained to do to avoid accidents.” *Perry* 2024 WL 3552954, at *1. These opinions are too general to help the jury. *See, e.g.*, *id.* (“[A] jury does not need to be told by an expert witness that a driver should look for traffic or not follow too closely and jurors do not need an expert to tell them that by failing to stop and rear-ending the plaintiffs that Defendant . . . was not observing the standard of care required by the driver of a motor vehicle on Georgia’s public road.”).

Second, the Court agrees with Plaintiffs that Day’s opinions about J.M.’s failure to train are based on case-specific facts. But the problem is her conclusion(s) that the failure to train either caused the accident (*e.g.*, Dkt. 78-1 p.32 “J.M. Tire and Defendant Colangelo are responsible for this accident occurring.”), or that adequate training would have prevented this accident from occurring, are based merely on the

fact the accident occurred. Which is confirmed by Day's deposition testimony. For example, when Day testified she believes that if Colangelo had better training he "would have had a better understanding of the space around his vehicle, and this accident most likely would not have occurred," she doesn't rely on any case-specific facts that suggest Colangelo lacked an understanding of the space around his vehicle, other than that the accident occurred.[2] This example is in addition to those cited in the Motion, where Day concedes her opinions that Defendants' failed to comply with industry standards are based on the accident having occurred. Dkt. 5. There is no methodology supporting these opinions. These opinions, therefore, do not reflect a reliable application of principles and methods to the facts.

But the Court does find one of Day's opinions sufficiently reliable, helpful to the trier of fact, and based on case-specific facts. This is her opinion of J.M.'s failure to train concerning its vehicles qualifying as emergency vehicles. *See* Dkt. 78-1 p.27 ¶o, p.34 ¶(2). This opinion is relevant because a jury could reasonably infer that Colangelo's conduct or decision-making leading to the accident was improperly influenced by his incorrect belief that he drove an emergency vehicle; a belief he had because that's what J.M. trained him to believe.[3]

---

[2] Colangelo testified in his deposition that he thought he "had clearance" and he agreed that he misjudged the space he had. Dkt. 78-1 p.31.

[3] Consistent with the Court's Order (Dkt. 65) granting Plaintiffs' motion for partial summary judgment, the Court will either instruct the jury that the tow truck Colangelo drove was not an authorized emergency vehicle or will include this fact in the stipulation or statement of facts. Considering the Court's instruction to the jury

For the reasons shared above, Defendants' Motion is GRANTED IN PART AND DENIED IN PART. The only testimony Day may provide is as concerns the failure to train (or mis-training) regarding emergency vehicles.

DATED: November 11, 2026

BY THE COURT:

S. Kato Crews
United States District Judge

on this issue, and Colangelo's deposition testimony on the point, it is unclear whether there remains a helpful role for Day's testimony on this issue.